[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15022
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00240-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL MORALES-VELAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 13, 2011)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Miguel Angel Morales-Velazquez appeals his concurrent prison sentences

of 12 months for being found in the United States after having been deported to

Mexico, in violation of 8 U.S.C. § § 1326(a), and for unlawful entry into the United States, in violation of 8 U.S.C. § § 1325(a)(1) and 1329.  He argues that his sentences, which constituted an upward variance from the prescribed Guidelines sentencing range, is procedurally unreasonable because the district court digressed from the legal standard prescribed by 18 U.S.C. § 3553(a) when it stated that it was imposing a sentence that was "more than sufficient" to comply with the statutory purposes of sentencing, and because the court failed to explain its reasons for imposing the upward variance.   He also argues that his sentences are substantively unreasonable because the court only considered the need for deterrence to the exclusion of the other § 3553(a) sentencing factors, i.e., purposes, and sentences within the Guidelines sentencing range—two to eight months' imprisonment—would have been sufficient to achieve § 3553(a)'s purposes.

We review the reasonableness of a sentence, including when it is the result of a § 3553(a) variance, under the abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a

2

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597; *United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008). A district court need not expressly discuss each and every § 3553(a) factor at the time of sentencing, but need only note that it has considered the defendant's arguments along with § 3553(a)'s factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Nevertheless, the court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (quotation omitted). "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Rita v. United States*, 551 U.S. 338, 357, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

Second, we must determine whether the sentence imposed is substantively reasonable based on the factors in § 3553(a). *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. *Gall* instructs that the district court "must make an individualized assessment based on the facts presented." *Id.* at 50, 128 S.Ct. at 597. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," absent a clear error of judgment. *United States v. Clay*, 483

F.3d 739, 743 (11th Cir. 2007) (quotation omitted). However, "a district court's unjustified reliance upon any one § 3553(a) factor [may be] a symptom of an unreasonable sentence." *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (internal quotations omitted) (holding a sentence of five hours' imprisonment unreasonable when the district court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors").

Moreover, the district court must impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing of § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes by the defendant, and provide the defendant with appropriate correctional treatment or medical care. *See* 18 U.S.C. § 3553(a)(2). Additionally, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Here, the record reflects that Morales-Velazquez's sentences are procedurally reasonable because, despite the district court's purported

misstatement—that the sentences were "more than sufficient"—the court applied the correct legal standard under § 3553(a), and it adequately explained its reasons for varying upward from the Guidelines sentencing range based on the § 3553(a) sentencing purposes.  The sentence was substantively reasonable because it met the goals encompassed within § 3553(a), and the record does not indicate that the court "single-mindedly" focused on the need for deterrence to the detriment of all the other § 3553(a) factors.  Accordingly, we affirm.

AFFIRMED.